**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                       Case No. 16-20437

MUHAMMAD QAZI,

        Defendant.

_____/

### ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

Defendant Muhammad Qazi pleaded guilty to conspiracy to health care fraud, 18 U.S.C. § 1347. (ECF No. 49.) On August 27, 2018, Defendant was sentenced to forty-two months imprisonment. (ECF No. 204, PageID.2009.) His projected release date is September 20, 2020.

Defendant moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 302.) He argues the threat from the Coronavirus Disease ("COVID-19") justifies either a reduction of his sentence to time served or his release on home confinement. The government has filed a response. (ECF No. 306.)

A court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). The court must also weigh the sentencing factors provided under 18 U.S.C. § 3553(a) and determine if a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." Id.

U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the "applicable policy statement[]" with which courts must comply. 18 U.S.C. §

3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines explains that a defendant

must "not [be] a danger to the safety of any other person or to the community" under 18

U.S.C. § 3142(g) and must fit within at least one of four categories of "extraordinary and

compelling reasons." Those categories are: "Medical Condition of the Defendant," "Age

of the Defendant," "Family Circumstances," and "Other Reasons." The category of

"Other Reasons" requires a determination from the Director of the Bureau of Prisons

("BOP") that "there exists in the defendant's case an extraordinary and compelling

reason other than, or in combination with, the reasons" outlined in the other three

categories. U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(D). The BOP has

released Program Statement 5050.50 to guide its determination of extraordinary and

compelling circumstances. Federal Bureau of Prisons, U.S. Department of Justice,

Program Statement 5050.50: Compassionate Release/Reduction in Sentence:

Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g) (2019).

In all, a defendant seeking compassionate release must present extraordinary

and compelling circumstances, must have § 3553(a)'s sentencing factors weigh in his

favor, must not be a threat to others as determined by § 3142(g), and must fit within one

of the four categories in § 1B.13 of the Sentencing Guidelines. 18 U.S.C. §

3582(c)(1)(A); U.S. Sentencing Guidelines Manual § 1B.13; *United States v. Sapp*,

Case No. 14-20520, 2020 WL 515935, at *2 (E.D. Mich. Jan. 31, 2020) (Leitman, J.)

(summarizing compassionate release requirements).

The court notes that Defendant has failed to exhaust his remedies. There are two

procedures by which the court may hear motions for compassionate release. First, the

BOP can move for compassionate release. 18 U.S.C. § 3582(c)(1)(A). That procedure

is not applicable here. The BOP did not move for or endorse Defendant's

compassionate release

Second, after the passage of the First Step Act in 2018, Defendant can file a

motion on his own. 18 U.S.C. § 3582(c)(1)(A). However, he may do so only "after [he]

has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a

motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the

warden of [Defendant's] facility, whichever is earlier." *Id.*

Here, Defendant submitted a request for compassionate release at his place of

confinement, Moshannon Valley Correctional Institution in Philipsburg, Pennsylvania, on

April 6, 2020. (ECF No. 302-2.) The reviewing official denied Defendant's request,

claiming Defendant was a risk to public safety as a deportable alien. (*Id.*, PageID.3307;

ECF No. 306-1, PageID.3354.)

Defendant filed his motion for compassionate release on April 23, 2020,

seventeen days after his initial request for release within the BOP. (ECF No. 302.)

Defendant does not allege or present evidence that he exhausted administrative

appeals, and he did not wait thirty days after submitting his request for compassionate

release at the BOP before filing his motion. 18 U.S.C. § 3582(c)(1)(A).

Defendant's claim is not ripe. The plain text of 18 U.S.C. § 3582(c)(1)(A) states

that Defendant must either exhaust all administrative appeals or wait thirty days;

Defendant has apparently done neither. *Grand Trunk W. R.R. Co. v. U.S. Dep't of*

*Labor*, 875 F.3d 821, 824 (6th Cir. 2017) (quoting *King v. Burwell*, 135 S.Ct. 2480, 2489

(2015)) ("If the statutory language is plain, we must enforce it according to its terms.");

*United States v. Alam*, Case No. 15-20351, 2020 WL 1703881, at *2 (E.D. Mich. Apr. 8,

2020) (Cox, J.) (quoting *Ross v. Blake*, 136 S.Ct. 1850, 1857 (2016)) (denying a motion for compassionate release based upon the outbreak of COVID-19 for failure to exhaust).

Nonetheless, it has now been thirty days since Defendant's initial request was submitted to the BOP, and there is no indication the BOP intends to grant the request. Thus, the court will analyze the merits of Defendant's motion. His circumstances are not sufficiently "extraordinary and compelling" to justify compassionate release. 18 U.S.C. § 3582(c)(1)(A). "Extraordinary" is defined as "exceptional to a very marked extent." *Extraordinary*, Webster's Third International Dictionary, Unabridged (2020). "Compelling" is defined as "tending to convince or convert by or as if by forcefulness of evidence." *Compelling*, Webster's Third International Dictionary, Unabridged (2020). A court in this district has described the requirements of "extraordinary," in the context of compassionate release, "as beyond what is usual, customary, regular, or common," and "'compelling reason' as one so great that irreprovable harm or injustice would result if the relief is not granted." *Sapp*, 2020 WL 515935, at *3 (citations removed).

Defendant does not have COVID-19 or any seriously debilitating or terminal condition. Instead, he argues the *possibility* of contracting COVID-19 and, further, the *possibility* of suffering serious medical complications from COVID-19 creates "extraordinary and compelling" circumstances.

Defendant's argument is too speculative to support his release. The BOP and Moshannon Valley have instituted shelter-in-place protocols, securing every inmate in their cell. All newly arriving detainees are screened and quarantined; asymptomatic detainees with exposure risks are detained; all symptomatic detainees are isolated until

medically cleared; social visits are disallowed. Defendant asserts he is a forty-nine-year-old man with diabetes, hyperlipidemia, hepatitis B, and sleep apnea. (ECF No. 302, PageID.3294.) The court is nonetheless left to predict whether Defendant will contract COVID-19, despite Moshannon Valley's extensive precautions, and then whether Defendant will suffer a serious case. The court must also speculate as to whether the location of Defendant's residence upon release would pose any less risk than Moshannon Valley. Moshannon Valley has zero confirmed cases of COVID-19, while Defendant's former place of residence, Oakland County, Michigan, has thousands.[1] State of Michigan, *Coronavirus: Michigan Data* (last visited May 6, 2020), https://www.michigan.gov/coronavirus/0,9753,7-406-98163_98173---,00.html.

The possibility Defendant may contract COVID-19 while detained at Moshannon Valley does not compel the court, out of a basic interest in justice, to order Defendant's release. The court will not reduce Defendant's sentence to time served and will not order Defendant's release on home confinement.

Defendant includes a cursory reference to the Eighth Amendment's bar on deliberate indifference to prison inmates in his arguments for compassionate release. U.S. Const. amend. VIII. (ECF No. 302, PageID.3303-04.) Although in no way relevant to compassionate analysis under 18 U.S.C. § 3582(c)(1)(A), the court notes that a

---

[1]     Due to the possibility Defendant may be deported from the United States if released from BOP custody, Defendant has indicated he may live in Toronto, Canada. Toronto also has thousands of confirmed cases of COVID-19. City of Toronto, *COVID-19: Status of Cases in Toronto* (last visited May 6, 2020), https://www.toronto.ca/home/covid-19/covid-19-latest-city-of-toronto-news/covid-19-status-of-cases-in-toronto/.

deliberate indifference claim under the Eighth Amendment, if it were to be brought, would likely fail.

Government indifference to inmate medical needs can "constitute an unnecessary and wanton infliction of pain or . . . be repugnant to the conscience of mankind," in violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976) (citations removed). To succeed, Defendant must prove both an objective and subjective component. "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

For the objective component, Defendant must show "a sufficiently serious medical need," in that he "is incarcerated under conditions imposing a substantial risk of serious harm." *Miller v. Calhoun Co.*, 408 F.3d 803, 812-13 (6th Cir. 2005) (citations removed). "[It] further requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency—that is, it is not one that today's society chooses to tolerate." *Villegas*, 709 F.3d at 568 (quoting *Helling*, 509 U.S. at 36 (1993)). For the subjective component, Defendant must prove "a sufficiently culpable state of mind in denying medical care . . . evidenc[ed] [by] deliberateness tantamount to intent to punish." *Miller*, 408 F.3d at 812-13 (citations removed). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Villegas*, 709 F.3d at 569 (quoting *Farmer*, 511 U.S. at 837).

Defendant need not suffer from a current medical condition to bring a deliberate indifference claim. Inhumane confinement can violate the Eighth Amendment for "sufficiently imminent" future harm. *Helling*, 509 U.S. at 34. Defendant must prove that he is "expos[ed] . . . to an unreasonable risk of serious harm in the future." *Dodson v. Wilkinson*, 304 F. App'x 434, 439 (6th Cir. 2008). Defendant must still prove the traditional elements of deliberate indifference. *Id.* (citing *Helling*, 509 U.S. at 35) ("A claim of deliberate indifference to future serious harm requires proof of both the objective and subjective elements of an Eighth Amendment claim.").

Defendant's detention in a facility that has implemented extensive precautions to mitigate the spread of COVID-19 and has no confirmed cases of COVID-19 does not violate "contemporary standards of decency" and does not pose "substantial risk of serious harm." *Villegas*, 709 F.3d at 568; *Miller*, 408 F.3d at 812-13. This is especially true where the court would only be speculating as to whether Defendant would contract COVID-19 and develop serious symptoms, and whether Defendant would be any safer if released into the public. The government's decision to continue Defendant's detention, despite the existence of COVID-19 in society, does not amount to "deliberateness tantamount to intent to punish." *Miller*, 408 F.3d at 812-13. Under both the objective and subjective components of deliberate indifference, Defendant's claim would fail. Accordingly,

IT IS ORDERED that Defendant's "Motion for Compassionate Release" (ECF No. 302) is DENIED.

s/Robert H. Cleland                                    /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  May 18, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 18, 2020, by electronic and/or ordinary mail.

<u>s/Lisa Wagner                                      </u>/
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\16-20437.QAZI.MotionforCompassionateRelease.RMK.docx